IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| WILLIAM RAY WIGGINS,<br><br>Plaintiff,<br><br>vs.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendant. | CASE NUMBER: 2:26-cv-4252-RMG<br><br>COMPLAINT<br>(DECLARATORY JUDGMENT - CONTRACT) |

The Plaintiff, above-mentioned, complaining of the Defendant alleges:

1. Plaintiff is a resident and citizen of the State of Georgia and is the owner of 330 Concord Street, Apartments 10 F and 10 G, Charleston, South Carolina 29401.
2. Defendant Chicago Title Insurance Company is an insurance company organized and existing under the laws of the State of Illinois and at all times hereinafter mentioned was engaged in the business of selling and writing insurance policies, including homeowners' policies of Title Insurance within the State of South Carolina. Defendant Chicago Title Insurance Company owns property and transacts business within the State of South Carolina and its principal place of business is located at 601 Riverside Avenue, Building 5, Fourth Floor, Jacksonville, Florida 32204.
3. The amount is controversy exclusive of interest and costs exceeds the sum of $75,000.00.
4. This Court has personal jurisdiction over the Defendant because they continuously and systematically operate, conduct, engage in, and carry on business in South Carolina by issuing many Title Insurance Policies for locations in South Carolina. The Court also has specific personal jurisdiction over Defendant because the conduct identified herein arose

out of or related to Defendant's activities in South Carolina and occurred in this District. Accordingly, Defendant is subject to South Carolina's long arm jurisdiction under S.C. Code § 36-2-803.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because (a) Defendant is subject to personal jurisdiction here, (b) Defendant regularly conducts substantial business and established contacts in this district, and (c) a substantial part of the events, acts or omissions giving rise to the claims asserted occurred and continue to occur in this district.

6. On or after April 21, 2022, for valuable consideration, the Defendant, Chicago Title Insurance Company issued policy number 5565-1-22-096-2022.724514040-228283413 providing title insurance for Plaintiff's purchase of 330 Concord Street, Apartments 10 F and 10 G, and Parking Space No. 52, Charleston, South Carolina in the event of a condition described in said policy and providing certain insurance benefits to the Plaintiff is such event, as set forth on Exhibit A.

7. Plaintiff's policy provides that the insured land described in the policy is the premises designated as apartments 10 F and 10 G, and Parking Space No. 52 in Dockside Horizontal Property Regime as more fully set forth in said policy.

8. The policy also provides that the policy insures Plaintiff against actual loss, including any costs, attorneys' fees, expenses provided under the policy, if the loss results from one or more of the covered risks set forth in the policy, all as more fully set forth in said policy.

9. One covered risk included in the policy, among others, is the risk that "Someone else has the right to limit your use of the Land," which is the premises designated as Apartments 10 F and 10 G, and Parking Space No. 52 in Dockside Horizontal Property Regime as set forth in said policy.

10. On February 27, 2025 the city of Charleston, South Carolina issued an order requiring that Plaintiff forever vacate the premises (Apartments 10 F and 10 G and Parking Space No. 52) and as a result someone has the right to limit Plaintiff's use of the land (Apartments 10 F and 10 G and Parking Space No. 52), and has done so.
11. As set forth above a covered risk has occurred and Plaintiff is entitled to payment for the benefits under the policy.
12. This action is brought as a Declaratory Judgment pursuant to 28 U.S.C.A. §§ 2201, 2002 and 1332 to obtain a declaration of Plaintiff's rights respecting said policy of insurance and coverage under said policy and endorsements thereon and Plaintiff asks for a determination that Plaintiff is entitled to coverage in the amount provided by the policy, plus costs, interest and attorneys' fees.
13. By reason of and in consequence of the foregoing and as a direct and proximate result of the foregoing, the Plaintiff has incurred actual damages for the loss of benefits which are and were or should be provided by the Defendant Chicago Title Insurance Company as part of its coverage.

WHEREFORE, Plaintiff prays for declaratory judgment pursuant to 28 U.S.C.A. § 2201 declaring Plaintiff's policy provides the benefits as claimed herein and for judgment against Defendant Chicago Title Insurance Company for the amount provided by the policy for actual damages, together with costs and disbursements of this action, attorneys' fees, interest, pre-judgment interest and such other relief as may be appropriate.

By: s/Alvin J. Hammer
Alvin J. Hammer (Fed Bar #1693)
Gedney M. Howe, IV (Fed Bar #13339)
Michael A. Monastra (Fed Bar #13587)
Gedney M. Howe, IV, LLC
PO Box 1034
Charleston, SC 29402
Phone: 843-722-8048
Fax: 843-722-2140 (fax)
Email: kleroy@gedneyhowe.com
Email: Gedney4@gedneyhowe.com
Email: mmonastra@gedneyhowe.com

William Camden Lewis (Fed Bar #12076)
Christoper Moore (Fed Bar #10445)
Richardson Thomas, LLC
383 W. Cheves Street
Florence, SC 29501
Phone: 803-281-8150
will@richardsonthomas.com
chris@richardsonthomas.com

Attorneys for Plaintiff

September 24, 2026

# Exhibit A

CHICAGO TITLE INSURANCE COMPANY

**Policy No.: 5565-1-22-096-2022.724514040-228283413**

## HOMEOWNER'S POLICY OF TITLE INSURANCE FOR A ONE-TO-FOUR FAMILY RESIDENCE

## CHICAGO TITLE INSURANCE COMPANY

### OWNER'S INFORMATION SHEET

Your Title Insurance Policy is a legal contract between You and Us.

It applies only to a one-to-four family residence and only if each insured named in Schedule A is a Natural Person. If the Land described in Schedule A of the Policy is not an improved residential lot on which there is located a one-to-four family residence, or if each insured named in Schedule A is not a Natural Person, contact Us immediately.

The Policy insures You against actual loss resulting from certain Covered Risks. These Covered Risks are listed beginning on page 3 of the Policy. The Policy is limited by:

- Provisions of Schedule A
- Exceptions In Schedule B
- Our Duty To Defend Against Legal Actions On Page 3
- Exclusions on page 4
- Conditions on pages 5, 6, and 7

You should keep the Policy even if You transfer Your Title to the Land. It may protect against claims made against You by someone else after You transfer Your Title.

**IF YOU WANT TO MAKE A CLAIM, SEE SECTION 3 UNDER CONDITIONS ON PAGE 5.**

The premium for this Policy is paid once. No additional premium is owed for the Policy.

This sheet is not Your insurance Policy. It is only a brief outline of some of the important Policy features. The Policy explains in detail Your rights and obligations and Our rights and obligations. Since the Policy - and not this sheet - is the legal document, **YOU SHOULD READ THE POLICY VERY CAREFULLY.** If You have any questions about Your Policy, contact: CHICAGO TITLE INSURANCE COMPANY, P.O. Box 45023, Jacksonville, FL 32232-5023.

### OWNER'S COVERAGE STATEMENT

This Policy Insures You against actual loss, including any costs, attorneys' fees and expenses provided under this Policy. The loss must result from one or more of the Covered Risks set forth below. This Policy covers only Land that is an improved residential lot on which there is located a one-to-four family residence and only when each insured named in Schedule A is a Natural Person.

Your insurance is effective on the Policy Date. This Policy covers Your actual loss from any risk described under Covered Risks if the event creating the risk exists on the Policy Date or, to the extent expressly stated in Covered Risks, after the Policy Date.

Your insurance is limited by all of the following:

- The Policy Amount
- For Covered Risk 16, 18, 19 and 21, Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A
- The Exceptions in Schedule B
- Our Duty To Defend Against Legal Actions on page 3
- The Exclusions on page 4
- The Conditions on pages 5, 6 and 7

### TABLE OF CONTENTS


| | PAGE |
|---|---|
| OWNER'S INFORMATION SHEET | 1 |
| OWNER'S COVERAGE STATEMENT | 1 |
| COVERED RISKS | 2 |
| OUR DUTY TO DEFEND AGAINST LEGAL ACTIONS | 3 |
| SCHEDULE A | See Attached |
| Policy Number, (Premium), Date (and Time) and Amount | |
| Deductible Amounts and Maximum Dollar Limits of Liability | |
| Street Address of the Land | |
| 1. Name of Insured | |
| 2. Interest in Land Covered | |
| 3. Description of the Land | |
| SCHEDULE B - EXCEPTIONS | See Attached |
| EXCLUSIONS | 4 |

| | PAGE |
|---|---|
| CONDITIONS | 5 |
| 1. Definitions | 5 |
| 2. Continuation of Coverage | 5 |
| 3. How to Make a Claim | 5 |
| 4. Our Choices When We Learn of a Claim | 5 |
| 5. Handling a Claim or Legal Action | 6 |
| 6. Limitation of Our Liability | 6 |
| 7. Transfer of Your Rights to Us | 7 |
| 8. This Policy Is the Entire Contract | 7 |
| 9. Increased Policy Amount | 7 |
| 10. Severability | 7 |
| 11. Arbitration | 7 |
| 12. Choice of Law | 7 |



Copyright 2006-2016 American Land Title Association. All rights reserved. The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.

## HOMEOWNER'S POLICY OF TITLE INSURANCE FOR A ONE-TO-FOUR FAMILY RESIDENCE

Issued By

## CHICAGO TITLE INSURANCE COMPANY

**NOTICE IS HEREBY GIVEN THAT THIS POLICY IS SUBJECT TO ARBITRATION PURSUANT TO THE PROVISIONS OF CHAPTER 48 OF TITLE 15 (SEC. 15-48-10 ET SEQ.) OF THE SOUTH CAROLINA CODE OF LAWS, 1976, AS AMENDED.**

**As soon as You Know of anything that might be covered by this Policy, You must notify Us promptly in writing at the address shown in Section 3 of the Conditions.**

## COVERED RISKS

The Covered Risks are:

1. Someone else owns an interest in Your Title.
2. Someone else has rights affecting Your Title because of leases, contracts, or options.
3. Someone else claims to have rights affecting Your Title because of forgery or impersonation.
4. Someone else has an easement on the Land.
5. Someone else has a right to limit Your use of the Land.
6. Your Title is defective. Some of these defects are:
   a. Someone else's failure to have authorized a transfer or conveyance of your Title.
   b. Someone else's failure to create a valid document by electronic means.
   c. A document upon which Your Title is based is invalid because it was not properly signed, sealed, acknowledged, delivered or recorded.
   d. A document upon which Your Title is based was signed using a falsified, expired, or otherwise invalid power of attorney.
   e. A document upon which Your Title is based was not properly filed, recorded, or indexed in the Public Records.
   f. A defective judicial or administrative proceeding.
7. Any of Covered Risks 1 through 6 occurring after the Policy Date.
8. Someone else has a lien on Your Title, including a:
   a. lien of real estate taxes or assessments imposed on Your Title by a governmental authority that are due or payable, but unpaid;
   b. Mortgage;
   c. judgment, state or federal tax lien;
   d. charge by a homeowner's or condominium association; or
   e. lien, occurring before or after the Policy Date, for labor and material furnished before the Policy Date.
9. Someone else has an encumbrance on Your Title.
10. Someone else claims to have rights affecting Your Title because of fraud, duress, incompetency or incapacity.
11. You do not have actual vehicular and pedestrian access to and from the Land, based upon a legal right.
12. You are forced to correct or remove an existing violation of any covenant, condition or restriction affecting the Land, even if the covenant, condition or restriction is excepted in Schedule B. However, You are not covered for any violation that relates to:
    a. any obligation to perform maintenance or repair on the Land; or
    b. environmental protection of any kind, including hazardous or toxic conditions or substances

    unless there is a notice recorded in the Public Records, describing any part of the Land, claiming a violation exists. Our liability for this Covered Risk is limited to the extent of the violation stated in that notice.
13. Your Title is lost or taken because of a violation of any covenant, condition or restriction, which occurred before You acquired Your Title, even if the covenant, condition or restriction is excepted in Schedule B.
14. The violation or enforcement of those portions of any law or government regulation concerning:
    a. building;
    b. zoning;
    c. land use;
    d. improvements on the Land;
    e. land division; or
    f. environmental protection,

    if there is a notice recorded in the Public Records, describing any part of the Land, claiming a violation exists or declaring the intention to enforce the law or regulation. Our liability for this Covered Risk is limited to the extent of the violation or enforcement stated in that notice.
15. An enforcement action based on the exercise of a governmental police power not covered by Covered Risk 14 if there is a notice recorded in the Public Records, describing any part of the Land, of the enforcement action or intention to bring an enforcement action. Our liability for this Covered Risk is limited to the extent of the enforcement action stated in that notice.
16. Because of an existing violation of a subdivision law or regulation affecting the Land:
    a. You are unable to obtain a building permit;
    b. You are required to correct or remove the violation; or
    c. someone else has a legal right to, and does, refuse to perform a contract to purchase the Land, lease it or make a Mortgage loan on it.

    The amount of Your insurance for this Covered Risk is subject to Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.
17. You lose Your Title to any part of the Land because of the right to take the Land by condemning it, if:
    a. there is a notice of the exercise of the right recorded in the Public Records and the notice describes any part of the Land; or


Copyright 2006-2016 American Land Title Association. All rights reserved. The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.

b. the taking happened before the Policy Date and is binding on You if You bought the Land without Knowing of the taking.

18. You are forced to remove or remedy Your existing structures, or any part of them - other than boundary walls or fences - because any portion was built without obtaining a building permit from the proper government office. The amount of Your insurance for this Covered Risk is subject to Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.
19. You are forced to remove or remedy Your existing structures, or any part of them, because they violate an existing zoning law or zoning regulation. If You are required to remedy any portion of Your existing structures, the amount of Your insurance for this Covered Risk is subject to Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.
20. You cannot use the Land because use as a single-family residence violates an existing zoning law or zoning regulation.
21. You are forced to remove Your existing structures because they encroach onto Your neighbor's land. If the encroaching structures are boundary walls or fences, the amount of Your insurance for this Covered Risk is subject to Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.
22. Someone else has a legal right to, and does, refuse to perform a contract to purchase the Land, lease it or make a Mortgage loan on it because Your neighbor's existing structures encroach onto the Land.
23. You are forced to remove Your existing structures which encroach onto an easement or over a building set-back line, even if the easement or building set-back line is excepted in Schedule B.
24. Your existing structures are damaged because of the exercise of a right to maintain or use any easement affecting the Land, even if the easement is excepted in Schedule B.
25. Your existing improvements (or a replacement or modification made to them after the Policy Date), including lawns, shrubbery or trees, are damaged because of the future exercise of a right to use the surface of the Land for the extraction or development of minerals, water or any other substance, even if those rights are excepted or reserved from the description of the Land or excepted in Schedule B.
26. Someone else tries to enforce a discriminatory covenant, condition or restriction that they claim affects Your Title which is based upon race, color, religion, sex, handicap, familial status, or national origin.
27. A taxing authority assesses supplemental real estate taxes not previously assessed against the Land for any period before the Policy Date because of construction or a change of ownership or use that occurred before the Policy Date.
28. Your neighbor builds any structures after the Policy Date - other than boundary walls or fences - which encroach onto the Land.
29. Your Title is unmarketable, which allows someone else to refuse to perform a contract to purchase the Land, lease it or make a Mortgage loan on it.
30. Someone else owns an interest in Your Title because a court order invalidates a prior transfer of the title under federal bankruptcy, state insolvency, or similar creditors' rights laws.
31. The residence with the address shown in Schedule A is not located on the Land at the Policy Date.
32. The map, if any, attached to this Policy does not show the correct location of the Land according to the Public Records.

## OUR DUTY TO DEFEND AGAINST LEGAL ACTIONS

We will defend Your Title in any legal action only as to that part of the action which is based on a Covered Risk and which is not excepted or excluded from coverage in this Policy. We will pay the costs, attorneys' fees, and expenses We incur in that defense. We will not pay for any part of the legal action which is not based on a Covered Risk or which is excepted or excluded from coverage in this Policy.
We can end Our duty to defend Your Title under Section 4 of the Conditions.

## THIS POLICY IS NOT COMPLETE WITHOUT SCHEDULES A AND B.

IN WITNESS WHEREOF CHICAGO TITLE INSURANCE COMPANY, has caused this policy to be signed and sealed by its duly authorized officers.

**CHICAGO TITLE INSURANCE COMPANY**

Countersigned:

By: ______________________
Authorized Officer or Agent

State Street Title Partnership
9 State St
Charleston, SC 29401
Tel:843-577-2577
Fax:843-723-9951

By: [signature]
Michael J. Nolan
President

Attest: [signature]
Marjorie Nemzura
Secretary


Copyright 2006-2016 American Land Title Association. All rights reserved. The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.

## EXCLUSIONS

In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1. Governmental police power, and the existence or violation of those portions of any law or government regulation concerning:
   a. building;
   b. zoning;
   c. land use;
   d. improvements on the Land;
   e. land division; and
   f. environmental protection.

   This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.
2. The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes. This Exclusion does not limit the coverage described in Covered Risk 14 or 15.
3. The right to take the Land by condemning it. This Exclusion does not limit the coverage described in Covered Risk 17.
4. Risks:
   a. that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;
   b. that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date;
   c. that result in no loss to You; or
   d. that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.
5. Failure to pay value for Your Title.
6. Lack of a right:
   a. to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and
   b. in streets, alleys, or waterways that touch the Land.

   This Exclusion does not limit the coverage described in Covered Risk 11 or 21.
7. The transfer of the Title to You is invalid as a preferential transfer or as a fraudulent transfer or conveyance under federal bankruptcy, state insolvency, or similar creditors' rights laws.
8. Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
9. Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

## CONDITIONS

1. **DEFINITIONS**
   a. Easement - the right of someone else to use the Land for a special purpose.
   b. Estate Planning Entity – A legal entity or Trust established by a Natural Person for estate planning.
   c. Known - things about which You have actual knowledge. The words "Know" and "Knowing" have the same meaning as Known.
   d. Land - the land or condominium unit described in paragraph 3 of Schedule A and any improvements on the Land which are real property.
   e. Mortgage - a mortgage, deed of trust, trust deed or other security instrument.
   f. Natural Person - a human being, not a commercial or legal organization or entity. Natural Person includes a trustee of a Trust even if the trustee is not a human being.
   g. Policy Date - the date and time shown in Schedule A. If the insured named in Schedule A first acquires the interest shown in Schedule A by an instrument recorded in the Public Records later than the date and time shown in Schedule A, the Policy Date is the date and time the instrument is recorded.
   h. Public Records - records that give constructive notice of matters affecting Your Title, according to the state statutes where the Land is located.
   i. Title - the ownership of Your interest in the Land, as shown in Schedule A.
   j. Trust - a living trust established by a Natural Person for estate planning.
   k. We/Our/Us – CHICAGO TITLE INSURANCE COMPANY.
   l. You/Your - the insured named in Schedule A and also those identified in Section 2.b. of these Conditions.
2. **CONTINUATION OF COVERAGE**
   a. This Policy insures You forever, even after You no longer have Your Title. You cannot assign this Policy to anyone else.
   b. This Policy also insures:
      (1) anyone who inherits Your Title because of Your death;
      (2) Your spouse who receives Your Title because of dissolution of Your marriage;
      (3) the trustee or successor trustee of Your Trust or any Estate Planning Entity created for You to whom or to which You transfer Your Title after the Policy Date;
      (4) the beneficiaries of Your Trust upon Your death; or
      (5) anyone who receives Your Title by a transfer effective on Your death as authorized by law.
   c. We may assert against the insureds identified in Section 2.b. any rights and defenses that We have against any previous insured under this Policy.
3. **HOW TO MAKE A CLAIM**
   a. Prompt Notice Of Your Claim


Copyright 2006-2016 American Land Title Association. All rights reserved. The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.

(1) As soon as You Know of anything that might be covered by this Policy, You must notify Us promptly in writing.

(2) Send Your notice to CHICAGO TITLE INSURANCE COMPANY, Attention: Claims Department, P.O. Box 45023, Jacksonville, FL 32232-5023. Please include the Policy number shown in Schedule A, and the county and state where the Land is located. Please enclose a copy of Your policy, if available.

(3) If You do not give Us prompt notice, Your coverage will be reduced or ended, but only to the extent Your failure affects Our ability to resolve the claim or defend You.

b. Proof Of Your Loss

(1) We may require You to give Us a written statement signed by You describing Your loss which includes:

(a) the basis of Your claim;

(b) the Covered Risks which resulted in Your loss;

(c) the dollar amount of Your loss; and

(d) the method You used to compute the amount of Your loss.

(2) We may require You to make available to Us records, checks, letters, contracts, insurance policies and other papers which relate to Your claim. We may make copies of these papers.

(3) We may require You to answer questions about Your claim under oath.

(4) If you fail or refuse to give Us a statement of loss, answer Our questions under oath, or make available to Us the papers We request, Your coverage will be reduced or ended, but only to the extent Your failure or refusal affects Our ability to resolve the claim or defend You.

4. **OUR CHOICES WHEN WE LEARN OF A CLAIM**

a. After We receive Your notice, or otherwise learn, of a claim that is covered by this Policy, Our choices include one or more of the following:

(1) Pay the claim;

(2) Negotiate a settlement;

(3) Bring or defend a legal action related to the claim;

(4) Pay You the amount required by this Policy;

(5) End the coverage of this Policy for the claim by paying You Your actual loss resulting from the Covered Risk, and those costs, attorneys' fees and expenses incurred up to that time which We are obligated to pay;

(6) End the coverage described in Covered Risk 16, 18, 19 or 21 by paying You the amount of Your insurance then in force for the particular Covered Risk, and those costs, attorneys' fees and expenses incurred up to that time which We are obligated to pay;

(7) End all coverage of this Policy by paying You the Policy Amount then in force, and those costs, attorneys' fees and expenses incurred up to that time which We are obligated to pay;

(8) Take other appropriate action.

b. When We choose the options in Sections 4.a. (5), (6) or (7), all Our obligations for the claim end, including Our obligation to defend, or continue to defend, any legal action.

c. Even if We do not think that the Policy covers the claim, We may choose one or more of the options above. By doing so, We do not give up any rights.

5. **HANDLING A CLAIM OR LEGAL ACTION**

a. You must cooperate with Us in handling any claim or legal action and give Us all relevant information.

b. If You fail or refuse to cooperate with Us, Your coverage will be reduced or ended, but only to the extent Your failure or refusal affects Our ability to resolve the claim or defend You.

c. We are required to repay You only for those settlement costs, attorneys' fees and expenses that We approve in advance.

d. We have the right to choose the attorney when We bring or defend a legal action on Your behalf. We can appeal any decision to the highest level. We do not have to pay Your claim until the legal action is finally decided.

e. Whether or not We agree there is coverage, We can bring or defend a legal action, or take other appropriate action under this Policy. By doing so, We do not give up any rights.

6. **LIMITATION OF OUR LIABILITY**

a. After subtracting Your Deductible Amount if it applies, We will pay no more than the least of:

(1) Your actual loss;

(2) Our Maximum Dollar Limit of Liability then in force for the particular Covered Risk, for claims covered only under Covered Risk 16, 18, 19 or 21; or

(3) the Policy Amount then in force.

and any costs, attorneys' fees and expenses that We are obligated to pay under this Policy.

b. If We pursue Our rights under Sections 4.a.(3) and 5.e. of these Conditions and are unsuccessful in establishing the Title, as insured:

(1) the Policy Amount then in force will be increased by 10% of the Policy Amount shown in Schedule A, and

(2) You shall have the right to have the actual loss determined on either the date the claim was made by You or the date it is settled and paid.

c. (1) If We remove the cause of the claim with reasonable diligence after receiving notice of it, all Our obligations for the claim end, including any obligation for loss You had while We were removing the cause of the claim.

(2) Regardless of 6.c.(1) above, if You cannot use the Land because of a claim covered by this Policy:

(a) You may rent a reasonably equivalent substitute residence and We will repay You for the actual rent You pay, until the earlier of:

(i) the cause of the claim is removed; or


Copyright 2006-2016 American Land Title Association. All rights reserved. The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.

(ii) We pay You the amount required by this Policy. If Your claim is covered only under Covered Risk 16, 18, 19 or 21, that payment is the amount of Your insurance then in force for the particular Covered Risk.

(b) We will pay reasonable costs You pay to relocate any personal property You have the right to remove from the Land, including transportation of that personal property for up to twenty-five (25) miles from the Land, and repair of any damage to that personal property because of the relocation. The amount We will pay You under this paragraph is limited to the value of the personal property before You relocate it.

d. All payments We make under this Policy reduce the Policy Amount then in force except for costs, attorneys' fees and expenses. All payments We make for claims which are covered only under Covered Risk 16, 18, 19 or 21 also reduce Our Maximum Dollar Limit of Liability for the particular Covered Risk, except for costs, attorneys' fees and expenses.

e. If We issue, or have issued, a Policy to the owner of a Mortgage that is on Your Title and We have not given You any coverage against the Mortgage, then:

(1) We have the right to pay any amount due You under this Policy to the owner of the Mortgage, and any amount paid shall be treated as a payment to You under this Policy, including under Section 4.a. of these Conditions;

(2) Any amount paid to the owner of the Mortgage shall be subtracted from the Policy Amount then in force; and

(3) If Your claim is covered only under Covered Risk 16, 18, 19 or 21, any amount paid to the owner of the Mortgage shall also be subtracted from Our Maximum Dollar Limit of Liability for the particular Covered Risk.

f. If You do anything to affect any right of recovery You may have against someone else, We can subtract from Our liability the amount by which You reduced the value of that right.

**7. TRANSFER OF YOUR RIGHTS TO US**

a. When We settle Your claim, We have all the rights and remedies You have against any person or property related to the claim. You must not do anything to affect these rights and remedies. When We ask, You must execute documents to evidence the transfer to Us of these rights and remedies. You must let Us use Your name in enforcing these rights and remedies.

b. We will not be liable to You if We do not pursue these rights and remedies or if We do not recover any amount that might be recoverable.

c. We will pay any money We collect from enforcing these rights and remedies in the following order:

(1) to Us for the costs, attorneys' fees and expenses We paid to enforce these rights and remedies;

(2) to You for Your loss that You have not already collected;

(3) to Us for any money We paid out under this Policy on account of Your claim; and

(4) to You whatever is left.

d. If You have rights and remedies under contracts (such as indemnities, guaranties, bonds or other policies of insurance) to recover all or part of Your loss, then We have all of those rights and remedies, even if those contracts provide that those obligated have all of Your rights and remedies under this Policy.

**8. THIS POLICY IS THE ENTIRE CONTRACT**

This Policy, with any endorsements, is the entire contract between You and Us. To determine the meaning of any part of this Policy, You must read the entire Policy and any endorsements. Any changes to this Policy must be agreed to in writing by Us. Any claim You make against Us must be made under this Policy and is subject to its terms.

**9. INCREASED POLICY AMOUNT**

The Policy Amount then in force will increase by ten percent (10%) of the Policy Amount shown in Schedule A each year for the first five years following the Policy Date shown in Schedule A, up to one hundred fifty percent (150%) of the Policy Amount shown in Schedule A. The increase each year will happen on the anniversary of the Policy Date shown in Schedule A.

**10. SEVERABILITY**

If any part of this Policy is held to be legally unenforceable, both You and We can still enforce the rest of this Policy.

**11. INTENTIONALLY DELETED**

**12. CHOICE OF LAW**

The law of the state where the Land is located shall apply to this policy.


Copyright 2006-2016 American Land Title Association. All rights reserved. The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.

**HOMEOWNER'S POLICY OF TITLE INSURANCE**
**For a one-to-four family residence**

**CHICAGO TITLE INSURANCE COMPANY**
**3600 Forest Drive, Suite 301, Columbia, SC 29204**

**Issued by:**
**State Street Title Partnership, 9 State Street, Charleston, SC 29401**

**SCHEDULE A**

| | |
|---|---|
| **Office File Number:** | **22-096** |
| **Policy Number:** | **724514040-228283413** |
| **Policy Date:** | **April 21, 2022 (or the recording date of the deed, whichever is later)** |
| **Policy Amount:** | **$ 1,369,000.00** |

Deductible Amounts and Maximum Dollar Limits of Liability For Covered Risks 16 and 18, 19 and 21:

| | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1% of Policy Amount shown in Schedule A or $2,500 (whichever is less) | $10,000 |
| Covered Risk 18: | 1% of Policy Amount shown in Schedule A or $5,000 (whichever is less) | $25,000 |
| Covered Risk 19: | 1% of Policy Amount shown in Schedule A or $5,000 (whichever is less) | $25,000 |
| Covered Risk 21: | 1% of Policy Amount shown in Schedule A or $2,500 (whichever is less) | $5,000 |

Street Address of the Land: 330 Concord Street, Apts 10F & 10 G, Charleston, SC 29401

1. Name of Insured:

   William Ray Wiggins

2. Your interest in the Land covered by this Policy is: Fee Simple

3. The Land referred to in this Policy is described as:

   The premises designated as Apartment 10-F, in DOCKSIDE HORIZONTAL PROPERTY REGIME, a horizontal property regime established by Detyens, Simmons and Carlisle, a South Carolina Limited Partnership, pursuant to the South Carolina Horizontal Property Act, as amended, by a Master Deed, dated March 10, 1976 and recorded in the ROD Office for Charleston County on March 10, 1976 in Book X-108, Page 204, as corrected by instrument dated May 25, 1976 and recorded in the ROD Office for Charleston County on May 25, 1976 in Book M-109, Page 268, and which Apartment is shown on the Survey and Building Plans prepared for Detyens, Simmons and Carlisle, a South Carolina Limited Partnership, by LBC&W, Inc., being Exhibits "A" and "B" of said Master Deed, together with the undivided interest in the





Copyright 2006-2013 American Land Title Association. All rights reserved.

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited.
Reprinted under license from the American Land Title Association.

common elements declared by said Master Deed to be an appurtenance to the Apartment conveyed hereby, including but not limited to the exclusive use of automobile parking space, No. 101, being a portion of the property conveyed to Detyens, Simmons and Carlisle, a South Carolina Limited Partnership, by Detyens Shipyards, Inc,, by deed dated July 19, 1974, and recorded in Book W104, Page 378 in the Office of the ROD for Charleston County.

ALSO

The premises designated as Apartment 10-G, in DOCKSIDE HORIZONTAL PROPERTY REGIME, a horizontal property regime established by Detyens, Simmons and Carlisle, a South Carolina Limited Partnership, pursuant to the South Carolina Horizontal Property Act, as amended, by a Master Deed, dated March 10, 1976 and recorded in the ROD Office for Charleston County on March 10, 1976 in Book X-108, Page 204, as corrected by instrument dated May 25, 1976 and recorded in the ROD Office for Charleston County on May 25, 1976 in Book M-109, Page 268, which Apartment is shown on the Survey and Building Plans prepared for Detyens, Simmons and Carlisle, a South Carolina Limited Partnership, by LBC&W, Inc., being Exhibits "A" and "B" of said Master Deed, together with the undivided interest in the common elements declared by said Master Deed to be an appurtenance to the Apartment conveyed hereby,

ALSO

Parking Space No. 52 as shown on the Survey and Building Plans for Detyens, Simmons and Carlisle, a South Carolina Limited Partnership, being Exhibits "A" and "B" of the Master Deed, dated March 10, 1976, and recorded in the ROD Office for Charleston County on March 10, 1976 in Book X108, Page 204 as corrected by instrument dated May 25, 1976 and recorded in the said ROD Office on May 25, 1976 in Book M109, Page 268.

**Countersigned**

**CHICAGO TITLE INSURANCE COMPANY**

**By:** ______________________________

**Authorized Signatory**



This Policy valid only if Schedule B is attached.

Copyright 2006-2013 American Land Title Association. All rights reserved.

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.

AMERICAN LAND TITLE ASSOCIATION

**HOMEOWNER'S POLICY OF TITLE INSURANCE**
**For a one-to-four family residence**

**CHICAGO TITLE INSURANCE COMPANY**

**Office File Number: 22-096** **Policy Number: 724514040-228283413**

**SCHEDULE B**

**EXCEPTIONS**

In addition to the Exclusions, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1. Rights or claims of parties in possession not shown by the Public Records.

2. Easements, or claims of easements, not shown by the Public Records.

3. Any lien, or right to a lien, for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the Public Records.

4. Taxes and assessments for the year 2022 and all subsequent years, which are a lien, but are not yet due and payable.

5. Mortgage from William Ray Wiggins to South State Bank, N.A., dated 04/20/22, in the original principal amount of $1,095,200.00, recorded on April 21, 2022, at 03:34 PM in Mortgage Book 1102 at Page 595, Charleston County records.

6. All of the terms, provisions, conditions, rights, privileges, restrictions, assessments, obligations, easements, and liens set forth in the Master Deed and Bylaws creating the unit insured, recorded on March 10, 1976, in Deed Book X-108, at Page 204; Corrected Master Deed recorded in Book M 109, Page 268; Amendment to Master Deed recorded in Book U 118, Page 99; Amendment recorded in Book J-214, Page 859; Amendment to By-Laws recorded in Book W-483, Page 513; Parking Modification recorded in Book T-575, Page 839 and Modification for Common Elements recorded in Book 0596, Page 238; restated By-Laws recorded in Book 0635, Page 824; and Rules and Regulations recorded in Book 0770, Page 403 in the Charleston County Records, and as may thereafter be modified, but omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, ancestry, source of income, gender, gender identity, gender expression, medical condition or genetic information, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth in the document.

7. Limitations and conditions set out and imposed in the Horizontal Property Act, Chapter 31, Code of Laws of South Carolina, 1976, as amended.

8. Any and all conditions, limitations, restrictions, reservations, easements, liens, rights of egress and ingress, and all other matters now of record or hereafter granted pursuant to the said Master Deed.

 **This Policy valid only if Schedule B is attached.**

**Copyright 2006-2013 American Land Title Association. All rights reserved.**

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.

AMERICAN LAND TITLE ASSOCIATION

9. Applicable zoning ordinances and regulations and other restrictions upon the use of the premises as may be imposed by governmental authorities having jurisdiction, none of which prohibit use of the Apartment by the Grantee herein as contemplated by the said Master Deed.

10. Subject to indenture granted to South Carolina Electric & Gas Company, dated October 17, 1975 and recorded in Book C-108, Page 96.



Copyright 2006-2013 American Land Title Association. All rights reserved.

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.

AMERICAN LAND TITLE ASSOCIATION